IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MIKHAIL DAVITASHVILI                                                                  PLAINTIFF

V.                                                          CIVIL ACTION NO.2:08CV190-NBB-JAD

R. ADAMS, et al.                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

On December 2, 2008, plaintiff, an inmate of the Tallahatchie County Correctional Facility, appeared before the court via video conference for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. Davitashvili is a California inmate housed at TCCF.

Davitashvili's original complaint lists fourteen defendants. His amended complaint lists 18 defendants, deleting some of the original defendants and adding others. The amended complaint also includes the name of three defendants in the body of the complaint who were not listed separately as defendants. Davitashvili has named the following defendants in his amended complaint: R. Adams, Warden of Tallahatchie County Correctional Facility (TCCF); J. Tilton, California Department of Corrections (CDOC) Director of Out-of State Correctional Facilities; Corrections Corporation of America; D. Stewart, Chief of Security, TCCF; M. Flowers, Chief of Unit Management, TCCF: Unknown Keys, Quality Assurance Manager, TCCF; C. Maiden, Training Manager, TCCF; Dr. W. Johnson, TCCF; Unknown Johnson, Health Services Administrator, TCCF; Unknown Strong, nurse, TCCF; Unknown Sosa, corrections officer, TCCF; Unknown Martinez, corrections officer, TCCF; L. Cano, Associate Warden, TCCF; S, Hossman, Food Canteen Director, TCCF; Unknown Arguyo, Associate Warden, TCCF; Unknown Strong, Food Canteen Staff Supervisor, TCCF; E. Joseph, Food Canteen Director, TCCF; J. Watson,

Chaplain, TCCF;   Unknown Sallisbarry, Cook Supervisor, TCCF;[1]   J. Dovey, Chief Deputy Director, Institutions Division, CDOC;[2] and S.L.Hubbard, Deputy Director of Institutions, CDOC.[3]

The plaintiff omitted from his amended complaint Unknown Colon, D. Forrest, Unknown Posada and Unknown Martin all of TCCF.  The plaintiff indicated at the hearing that he wished to dismiss these defendants.  Accordingly the undersigned recommends that Unknown Colon, D. Forrest, Unknown Posada and Unknown Martin be dismissed without prejudice.

Davitashvili's amended complaint includes three separate claims: 1) excessive use of force; 2) denial of medical care and 3) denial of a kosher diet.  These claims and the defendants associated with each claim are detailed below.

1.  Excessive use of force - Davitashvili alleges that two corrections officers Sosa and Martinez used excessive force against him without provocation causing him injury.  He has stated a claim with regard to these individuals.  He has also included allegations asserting inadequate staffing and training in an attempt to impose liability against R. Adams, the warden of the Tallahatchie County Correctional Facility;  J. Tilton, the director for out of state facilities for the California Department of Corrections; D. Stewart, Chief of Security at TCCF; M. Flowers, chief of unit management at TCCF; Unknown Keys, quality assurance manager at TCCF and C. Maiden, training manager at TCCF.   The allegations against these defendants on the staffing, training and supervision are wholly conclusory.  They fail to state a claim against these defendants.  A  plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "enough

---

[1]  See page 32 of the amended complaint.

[2]  First mentioned on page 37 of the amended complaint.

[3]  First mentioned on page 37 of the amended complaint.

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted). Davitashvili's does not state a claim and his allegations against these supervisors amounts to no more than a transparent attempt to circumvent *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978) and impose vicarious liability. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. Accordingly the undersigned recommends that R. Adams, J. Tilton, D. Steward, M. Flowers, Unknown Keys, and C. Maiden be dismissed with prejudice.

2. Denial of medical care

Davitashvili claims that he was provided with inadequate care after the attack by Sosa and Martinez. He names Dr. W. Johnson, medical doctor at TCCF ; Unknown Johnson, health services administrator at TCCF and D.Strong, a nurse. Process is issued to Dr. Johnson and nurse Strong. While Unknown Johnson as a health services administrator is listed as a separate individual, this may well be Dr. Johnson. In the event that this is a separate individual, the conclusory allegations fail to state a claim and are nothing but an attempt to circumvent *Monell*. The undersigned recommends that Unknown Johnson, in his capacity as health services administrator be dismissed with prejudice for failure to state a claim.

3. Failure to provide a kosher diet

Davitashvilli seeks redress for the alleged failure of this private prison to provide him with a kosher diet. He asserts that the following defendants were personally involved in the delay and

denial of an adequate kosher diet: J. Watson, chaplain, Unknown Sallisbarry, Cook Supervisor (first mentioned on page 30 of the complaint), S. Hosmann, canteen director, Unknown Strong, canteen staff supervisor, and E. Joseph, Canteen director. Process should issue as to these individuals.

Davitashvili again tries to drag multiple supervisory employees with TCCF and three with the California Department of Corrections into this lawsuit by alleging management and policy responsibilities. A few of the Tallahatchie supervisors are alleged to have been involved to the extent of failing to respond to the plaintiff's complaints and one (L. Cano) is alleged to have been monitoring the plaintiff's complaints through a non-defendant employee. Davitashvili has failed to state a claim against these supervisors. The supervisors included in his complaints regarding his kosher diet, but against whom he has failed to state a claim are: R. Adams, warden; J. Tilton, with the California Department of Corrections; L. Cano, associate warden; Unknown Arguyo, associate warden; J. Dovey, chief deputy director of field operations with the California Department of Corrections; and S. L. Hubbard, deputy director of institutional divisions with the California Department of Corrections. Each of these individuals should be dismissed without prejudice.

## CONCLUSION

At the hearing and in his motion to amend Davitashvilli indicated that he wished to dismiss this action as to the defendants Unknown Colon, Unknown Posada, D. Forrest and Unknown Martin. Accordingly it is recommended that this action be dismissed without prejudice as to these defendants.

The undersigned recommends that R. Adams, J. Tilton, D. Stewart, M. Flowers, Unknown Keys, C. Maiden, Unknown Johnson as the health services director, L. Cano, Unknown Arguyo, J.

Dovey and S. L. Hubbard be dismissed with prejudice because no cause of action has been stated against them.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of December, 2008.

/s/ JERRY A. DAVIS_____
UNITED STATES MAGISTRATE JUDGE